UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

ROBERT RIVERA,

               Plaintiff,

   v.

CITY OF NEW YORK, POLICE OFFICER GREGORY
KENNEDY Shield# 26842 of the 44th PRECINCT,
POLICE OFFICER WORLAN of the 44th PRECINCT,
EMPLOYEES OF THE CITY OF NEW YORK,

               Defendants.

-------------------------------------------------------------------x



14 CV 5233

Civil Action:

VERIFIED COMPLAINT
Jury Trial Demanded

JUDGE SCHEINDLIN

RECEIVED
JUL 14 2014
U.S.D.C. S.D. N.Y.

## INTRODUCTION

Robert Rivera, of Bronx, New York hereby asserts the following claims against Defendants in the above-entitled action:

1. Violation of 42 U.S.C. 1983: arrest;
2. Violation of 42 U.S.C. 1983: detention and confinement;
3. Violation of 42 U.S.C. 1983: refusing or neglecting to prevent;
4. Violation of 42 U.S.C. 1983: Excessive force;
5. Violation of 42 U.S.C. 1983: Malicious prosecution;
6. False arrest and imprisonment;
7. Battery;
8. Intentional infliction of emotional distress;
9. Negligence;

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. § 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.
2. Jurisdiction of this Court for the pendent claims is authorized by F.R.C.P 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

3. This cause of action arose in the County of Bronx, State of New York which lies within the Southern District of New York.
4. Venue is based on 28 U.S.C. 1391(b).

## I. PARTIES

5. Plaintiff ROBERT RIVERA (Plaintiff) is a natural person residing at 1220 College Avenue, County of Bronx, City and State of New York; and was a resident of New York during all relevant times of this action.
6. Defendant THE CITY OF NEW YORK (NYC) is a municipal corporation, organized under the laws of the State of New York. NYC is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. NYC operates the New York City Police Department, and as such is the public employer of Defendant officers herein.
7. The New York City Police Department (NYPD) was and is an agency of NYC.
8. Defendant POLICE OFFICER GREGORY KENNEDY (P.O. Kennedy) shield# 26842 was a NYPD officer, and at all times relevant hereto, acted in that capacity as agent, servant and/or employee of Defendant NYC and within the scope of his employment. P.O. Kennedy is sued in his official and individual capacity.
9. Defendant POLICE OFFICER WORLAN (P.O. Worlan) was a NYPD officer, and at all times relevant hereto, acted in that capacity as agent, servant and/or employee of Defendant NYC and within the scope of his employment. P.O. Worlan is sued in his official and individual capacity.
10. That at all relevant times to this complaint Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant NYC was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of NYC.

## II. FACTS

11. On or about the August 20, 2011 at approximately 11:30 p.m. at or near 1269 Grand Concourse, Apt. 4A, County of Bronx, City and State of New York, P.O. Worlan and P.O. Kennedy arrested Plaintiff without probable cause.

12. During the course of Plaintiff's false arrest Plaintiff was pushed, his wrists were twisted, and he was repeatedly struck on the face with closed fists. After being handcuffed, Defendants struck Plaintiff on the head and hands with a police baton, causing Plaintiff to suffer substantial pain, bruising and swelling. Then Plaintiff was dragged down the stairs by Defendants causing further injury to Plaintiff's leg which was encased in a leg brace as a result of a prior and unrelated incident.

13. As a result of such contact Plaintiff was caused to suffer bruising and lacerations to his head, facial region and torso area due to the subsequent violence from Defendants. Said injuries requiring medical care and treatment, Plaintiff was transported via ambulance to Lincoln Medical and Mental Health Center for treatment.

14. Plaintiff was wrongfully accused and imprisoned in New York, New York on charges of Resisting Arrest and other related charged for a period in excess of twenty-four (24) hours. Plaintiff further made several appearances in Court to defend himself against said charges.

15. On or about January 6, 2012, all charges against Plaintiff were adjourned in contemplation of dismissal.

16. On the 4th day of November 2011, Plaintiff's Notice of Claim and Intention to sue was duly served upon and filed with the NYC; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of Bronx County, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

17. At least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to NYC for adjustment for payment thereof and that NYC has neglected and/or refused to make adjustment or payment thereof.

### III. FIRST CAUSE OF ACTION
**Pursuant to 42 U.S.C. § 1983 (False Arrest)**

18. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 17 above with the same force and effect as if herein set forth.

19. At all times relevant herein the conduct of the Defendants were subject to 42 U.S.C. §'s 1983, 1985, 1986, and 1988.

20. The detention and arrest of Plaintiff without probable cause and without a lawful warrant was an abuse of power which constituted a seizure within the meaning of the Fourth Amendment of the United States Constitution and was an act taken by P.O. Worlan and P.O. Kennedy with a deliberate indifference to Plaintiff's rights and privileges. The seizure and deprivation of Plaintiff's liberty was unreasonable and without due process of law, in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

21. Acting under the color of law, Defendants achieved a denial of Plaintiff's rights, privileges or immunities secured by the United States Constitution or by Federal law, to wit:

    a. By depriving Plaintiff of his liberty without due process of law, by taking Plaintiff into custody and holding him there against Plaintiff's will.

    b. By making an unreasonable search and seizure of Plaintiff's property without due process of law.

    c. By conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws.

    d. By refusing or neglecting to prevent such deprivations and denials to Plaintiff thereby depriving Plaintiff of the rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

22. Defendant NYC negligently trained Defendants P.O. Worlan and P.O. Kennedy.

23. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## IV. SECOND CAUSE OF ACTION
### Pursuant to 42 U.S.C. § 1983 (Excessive force)

24. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 23 above with the same force and effect as if herein set forth.

25. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

26. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

27. That Defendants violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

28. That at the time of the arrest or while in custody, Plaintiff did not pose a threat to the safety of the arresting officers.

29. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

30. That Defendant NYC, through its officers, agents, and employees, unlawfully subjected Plaintiff to excessive force while effectuating his arrest.

31. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

32. That by reason of Defendants' acts and omissions, acting under color of law and within the scope of Defendants' authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of Plaintiff's rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

33. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of Plaintiff's civil rights, including but not limited to the right to be free from the application of excessive force.

34. That upon information and belief, in 2011, Defendants and NYC had a policy or routine practice of using excessive force when effectuating arrests.

35. That upon information and belief, it was the policy and/or custom of Defendant NYC to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

36. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant NYC, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

37. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYC to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

38. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### V. THIRD CAUSE OF ACTION
### Pursuant to 42 U.S.C. § 1983 (Detention and Confinement)

39. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 38 above with the same force and effect as if herein set forth.

40. As a result of Defendants' concerted unlawful and malicious detention and confinement of Plaintiff, Defendants deprived Plaintiff of both his right to liberty without due process

of law and his right to equal protection of the laws, and the due course of justice was impeded in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. 1983.

41. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## VI. FOURTH CAUSE OF ACTION
### Pursuant to 42 U.S.C. § 1983 (Refusing or Neglecting to Prevent)

42. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 41 above with the same force and effect as if herein set forth.

43. At all times relevant to the complaint, Defendants P.O. Worlan and P.O. Kennedy, as police officers of the NYPD were acting under the direction and control of Defendant NYC.

44. Acting under color of law and pursuant to official policy P.O. Worlan and P.O. Kennedy, the NYPD and NYC knowingly, recklessly or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant police officers in their duties to refrain from:

   a. Unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

   b. Unlawfully and maliciously arresting, imprisoning, and prosecuting a citizen who was acting in accordance with is constitutional and statutory rights, privileges, and immunities;

   c. Conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and the laws of the United States and the laws of the State of New York;

- d. Otherwise depriving Plaintiff of his constitutional and statutory rights, privileges and immunities.

45. Unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities.

46. Unlawfully and maliciously arresting, imprisoning and prosecuting Plaintiff, a citizen who was acting in accordance with his constitutional and statutory rights, privileges and immunities.

47. Conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of New York.

48. Otherwise depriving Plaintiff of his constitutional and statutory rights privileges and immunities.

49. Defendants P.O. Worlan and P.O. Kennedy, NYC and the NYPD had knowledge of or had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants P.O. Worlan and P.O. Kennedy, NYC and the NYPD had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

50. Defendants P.O. Worlan and P.O. Kennedy, NYC and the NYPD directly or indirectly under color of law approved or ratified the unlawful deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

51. As a direct and proximate cause of the negligent and intentional acts of Defendants P.O. Worlan and P.O. Kennedy, NYC and the NYPD as set forth in paragraphs 1 through 50 above, Plaintiff suffered physical injury, loss of income, and severe mental anguish in connection with the deprivations of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

52. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## VII. FIFTH CAUSE OF ACTION
**Pursuant to 42 U.S.C. § 1983 (Malicious Prosecution)**

53. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 52 above with the same force and effect as if herein set forth.

54. That Defendants with malicious intent, arrested Plaintiff and initiated criminal proceedings despite the knowledge that Plaintiff had committed no crime.

55. That all charges against Plaintiff have been dismissed.

56. That there was no probable cause for the arrests and criminal proceedings. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff 's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him and subjected him to unlawful, illegal and excessive detentions, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

57. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, Plaintiff was maliciously prosecuted despite the fact that he had committed no violation of the law.

58. That upon information and belief was the policy and/or custom of Defendant NYC to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

59. That as a result of the above described policies and customs, Defendant NYC, its staff, agents and employees of Defendant NYC believed that their actions would not be

properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

60. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYC to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

61. That in so acting, Defendant NYC abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

62. That upon information and belief, in 2011 and 2012, Defendant NYC had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

63. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### VIII. SIXTH CAUSE OF ACTION
### Pursuant to State Law (Excessive force)

64. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 63 above with the same force and effect as if herein set forth.

65. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

66. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

67. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest or after Plaintiff was arrested and in custody.

68. That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

69. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

70. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

71. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of the laws of the State of New York.

72. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of Plaintiff's civil rights, including but not limited to the right to be free from the application of excessive force.

73. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### IX. SEVENTH CAUSE OF ACTION
**Pursuant to State Law (False Arrest and Imprisonment)**

74. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 73 above with the same force and effect as if herein set forth.

75. At all times relevant herein Defendants acted with the intention of confining Plaintiff within fixed boundaries, directly resulting in the confinement of Plaintiff of which Plaintiff was aware and did not consent.

76. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages

including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## X. EIGHTH CAUSE OF ACTION
### Pursuant to State Law (Battery)

77. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 76 above with the same force and effect as if set forth herein.

78. Without the consent of Plaintiff, P.O. Worlan and P.O. Kennedy intentionally, harmfully, and offensively touched Plaintiff.

79. As a result of Defendants conduct, Plaintiff was caused to suffer physical injury to wit: bruises and lacerations to his face, wrists, legs, right thumb and torso. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XI. NINTH CAUSE OF ACTION.
### Pursuant to State Law (Intentional infliction of emotional harm)

80. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 79 above with the same force and effect as if set forth herein.

81. Defendants intentionally and deliberately inflicted emotional distress on Plaintiff by maliciously prosecuting Plaintiff, or by violating Plaintiff's constitutional rights, or by falsely arresting and imprisoning Plaintiff, or by interfering with Plaintiff's state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

82. Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized society. Defendants intended to cause emotion distress in Plaintiff and did cause such severe emotional distress.

83. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### XII. TENTH CAUSE OF ACTION
### Pursuant to State law (Negligence)

84. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 83 above with the same force and effect as if herein set forth.

85. Defendants, P.O. Worlan and P.O. Kennedy, the NYC and the NYPD, owed a duty to supervise or train the officers and to take steps to prevent events such as occurred here, to wit, the false arrest and imprisonment and the filing of criminal charges not supported by probable cause.

86. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### XIII. ELEVENTH CAUSE OF ACTION
### Pursuant State Law (Malicious Prosecution)

87. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 86 above with the same force and effect as if herein set forth.

88. That Defendants acted with malicious intent, arrested Plaintiff and initiated criminal proceedings despite the knowledge that Plaintiff had committed no crime.

89. All charges against Plaintiff have been dismissed.

90. That there was no probable cause for the arrests and criminal proceedings.

91. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of

Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

92. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### XIV. TWELFTH CAUSE OF ACTION
### Pursuant State Law (Negligence)

93. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 92 above with the same force and effect as if herein set forth.

94. That the actions of NYPD and Defendant NYC, by negligently hiring, training, screening, supervising and/or instructing Defendants P.O. Kennedy and P.O. Worlan resulted in the false arrest, detention, photographs and searches of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

95. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### XV. THIRTEENTH CAUSE OF ACTION
### Pursuant State Law (Negligence)

96. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 95 above with the same force and effect as if herein set forth.

97. That Defendant NYC, through the doctrine of Respondeat Superior, is liable for the actions of Defendants P.O. Kennedy and P.O. Worlan which resulted in the false arrest, battery, use of excessive force, detention, photographs, finger-printing and searches of Plaintiff and his property, public humiliation and embarrassment, emotional distress and

the incurrence of monetary damages, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## XVI. TRIAL BY JURY

98. Plaintiff hereby demands trial by jury.

**WHEREFORE,** Plaintiff demands judgment against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus cost of the action, including attorney's fees, and such other relief deemed to be just and equitable. Actual, general, special and compensatory damages for Plaintiff.

Dated: July 10, 2014
       New York, New York

_____
Michael A. Delakas, Esq.
ATESHOGLOU & AIELLO, P.C.
As Trial Counsel For
THE LAW OFFICE OF JOHN R. KELLY
Attorneys for Plaintiff
ROBERT RIVERA
381 Park Avenue South, Suite 701
New York, New York 10016
(212) 545-1740

## VERIFICATION

STATE OF NEW YORK    )
                                            ) ss:
COUNTY OF NEW YORK   )

    MICHAEL A. DELAKAS, being an attorney duly admitted to practice law in the courts of the State of New York and the Federal Courts of the Southern District of New York, affirms under the penalty of perjury:

    I am a associate of Ateshoglou & Aiello, P.C. I have read the foregoing COMPLAINT, and know the allegations of fact stated therein, that the stated allegations of fact are true to my own knowledge except as to those allegations stated to be on information and belief, and as to those matters, I believe them to be true.

    The grounds of my belief as to all matters stated to be upon information and belief are conversations with Plaintiff, my review of the documents contained in files maintained by my office in connection with this matter, and any investigation of the relevant facts and circumstances.

    The reason I make this verification instead of the Plaintiff is that Plaintiff is not presently within the county where Ateshoglou & Aiello, P.C. maintains its offices.

                                                            _____
                                                            MICHAEL A. DELAKAS